**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZENON PONCE-HIDALGO, | No. 13-71000 |
| Petitioner, | Agency No. A200-154-949 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Zenon Ponce-Hidalgo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies among Ponce-Hidalgo's asylum applications and testimony regarding which relatives had problems in Mexico. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding was reasonable under totality of circumstances, including an inconsistency). Ponce-Hidalgo's explanations for the inconsistencies do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Substantial evidence also supports the BIA's denial of CAT relief. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Ponce-Hidalgo's due process claim of IJ bias. *See Lata*, 204 F.3d at 1246 (requiring prejudice to prevail on due process challenge to proceedings); *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (even if

petitioner shows bias, court cannot find bias was basis for denial of application where factual record supports denial).

**PETITION FOR REVIEW DENIED.**